## THE PEOPLE v. JOHN B. HUGHES.

*Liquor traffic—Saloon open after hours.*

Where the rooms owned and managed by a saloon-keeper are arranged for use together, and, for the accommodation of customers, are fitted with appliances for games, as well as food and liquors, it is necessary, under the liquor law, that all of the rooms be closed to the public during unseasonable hours.[1]

Exceptions before judgment from superior court of Grand Rapids. (Burlingame, J.) Argued November 2, 1893. Decided November 17, 1893.

Respondent was convicted of keeping his saloon open after hours. Conviction affirmed. The facts are stated in the opinion.

[1] For cases bearing upon this question, see *People v. Scranton*, 61 Mich. 244; *People v. Cox*, 70 Id. 247; *People v. Beller*, 73 Id. 640; *People v. Hughes*, 90 Id. 368; *People v. Ringsted*, Id. 371.

*Mitchel & LaGrou*, for respondent.

*A. A. Ellis*, Attorney General, and *Alfred Wolcott*, Prosecuting Attorney, for the people.

HOOKER, C. J.    The defendant was convicted of an infraction of the liquor law by keeping his saloon open at night unlawfully.    The following diagram shows the situation of the premises:

The several rooms were all owned and managed by the defendant, though the lunch counter was rented to another, and operated by him upon his own account.

The room was, however, a part of the saloon. Between this and the billiard room was an open archway several feet wide, without doors. This was provided with a canvas curtain, which buttoned on the sides and at the floor, and which defendant claims was closed on the night in question. The closet in the rear was used from both rooms, defendant claiming it to have been locked on this occasion.

The only question in the case is whether the court erred in instructing the jury that the billiard room was a part of the saloon, so that it was necessary that it be closed. We think that the court was right in so determining. The rooms were arranged for use together, and, for the accommodation of customers, were fitted with appliances for games, as well as food and liquors; and it was necessary, under the law, that all be closed to the public during unseasonable hours.

Counsel for defendant asked that the prosecution call as a witness one Miller, who, they asserted, was present at the transaction. The court declined to require this. But the witness was sworn for the defendant, and testified in the case, and from the record we are unable to discover that the defendant suffered any injury from the ruling.

We find no error, and the proceedings must be affirmed, and the superior court of Grand Rapids directed to proceed to judgment.

The other Justices concurred.